UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL GREEN[1] and VALERIE
HALL-GREEN, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

FCA US LLC,

    Defendant.
_____/

Case No. 20-13079

Hon. George Caram Steeh

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 10)

Defendant FCA US, LLC, seeks dismissal of Plaintiffs' amended complaint for lack of standing and for failure to state a claim. For the reasons explained below, Defendant's motion is granted in part and denied in part.[2]

---

[1] As a result of a typographical error, the caption of the complaint misspelled Gabriel Green's last name as "Greene." The court has corrected the error here and will order that the caption be corrected.

[2] Defendant filed a motion to dismiss (ECF No. 8) that was rendered moot by Plaintiffs' amended complaint. Accordingly, the court will deny Defendant's initial motion as moot.

## BACKGROUND FACTS

In their class-action amended complaint, Gabriel Green and Valerie Hall-Green allege that Defendant FCA US, LLC, failed to provide them with adequate notice of their right to continued heath care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Gabriel Green was employed by Chrysler (FCA) until his termination in 2019. As an employee, he received medical, dental, and vision insurance for himself and his family through the FCA US LLC Health Care Benefits Plan for Represented Employees ("the Plan"). Defendant is the plan sponsor and plan administrator.

After the "qualifying event" of his termination, Green and his wife, Valerie Hall Green, received a COBRA notice of continued health care coverage from Defendant. *See* ECF No. 9-1. Plaintiffs allege that the notice was deficient because it failed to identify the name and contact information of the plan administrator and because it contained unnecessary warnings that confused and discouraged them from electing continued health care coverage. Instead of identifying Defendant as the plan administrator, the notice references BenefitConnect as the "party responsible for COBRA administration under your plan." ECF No. 9-1 at PageID 138, 149. According to Plaintiffs, the notice was not "written in a manner calculated to

be understood by the average plan participant" as required by 29 C.F.R. § 2590.606-4. *See* Amended Complaint at ¶ 35 (ECF No. 9).

Plaintiffs assert that the notice includes "an ominous warning suggesting that the submission of even 'incomplete' information when electing COBRA may result in civil, or even criminal, penalties." Amended Compl. at ¶ 4. The notice provides as follows:

> You certify that all information is complete and accurate to the best of your knowledge. Please note that any person who knowingly provides false, incomplete, or misleading information is considered to have committed an act to defraud or deceive the Plan Sponsor(s). The filing of any application for insurance or other claim for benefits based on false, misleading, *or incomplete information is a fraudulent act* and may result in criminal or civil penalties.

*Id.* (emphasis added). The notice also warns about the assessment of a "$50 penalty from the IRS for each failure to provide an accurate tax identification number for a covered individual." *Id* at ¶ 7.

Plaintiffs contend that these "threats and warnings" do not belong in a COBRA notice and serve to discourage individuals from enrolling in continued health care coverage. Plaintiffs allege that based "at least in part" on the warnings, they did not enroll in continued health care coverage and incurred out-of-pocket costs for care for their son's serious medical condition as well as routine visits. Amended Compl. at ¶¶ 12-15, 38-40.

Plaintiffs bring this action on behalf of themselves and a similarly situated class.

## LAW AND ANALYSIS

I. Standing

Defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that Plaintiffs lack standing. Standing is a jurisdictional requirement: "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction has the burden of demonstrating the three elements of standing:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (citations omitted).

A facial challenge to the court's subject matter jurisdiction, as Defendant makes here, "questions merely the sufficiency of the pleadings."

*Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). Accordingly, the court accepts the factual allegations in the complaint as true, "just as in a Rule 12(b)(6) motion." *Id.*

Plaintiff's claim arises under the Employee Retirement Income Security Act (ERISA), as amended by COBRA. The COBRA amendment "ensures that employees who lose coverage under their company's ERISA plan do not go without health insurance before they can find suitable replacement coverage." *Youngstown Aluminum Prods., Inc. v. Mid-West Benefit Servs., Inc.*, 91 F.3d 22, 26 (6th Cir. 1996); *see also* 29 U.S.C. § 1161(a). "Under COBRA, an employer that sponsors a group health insurance plan must offer employees and qualified beneficiaries the opportunity to continue their health insurance coverage, at group rates but at their own expense, for at least 18 months after the occurrence of a 'qualifying event' and notice to the affected employee." *Morehouse v. Steak N Shake*, 938 F.3d 814, 818-19 (6th Cir. 2019). The administrator of the group health plan must provide employees and qualified beneficiaries with notice of their right to enroll in continued health insurance coverage within a certain period of time after a qualifying event, such as a termination. *Id.*; 29 U.S.C. § 1166(a); 29 C.F.R. § 2590.606-4(a).

Plaintiffs do not allege that Defendant failed to provide timely notice of their right to continued coverage under COBRA. Rather, Plaintiffs allege that the notice was deficient. COBRA's notice requirements are set forth in regulations promulgated by the Department of Labor, which provide that the notice shall contain certain information and "shall be written in a manner calculated to be understood by the average plan participant." 29 C.F.R. § 2590.606-4(b)(4). The required information includes (1) "[t]he name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits"; (2) identification of the qualifying event; (3) identification of the qualified beneficiaries; (4) an explanation of the plan's procedures for electing coverage, and the consequences for failing to elect coverage; (5) a description of the continuation coverage available; (6) the time period for which coverage is available; and (7) the cost of coverage and the due dates for payments. 29 C.F.R. § 2590.606-4(b)(4)(i)-(xiv).

Plaintiffs claim two violations of COBRA's notice requirements (1) the notice was not drafted in a manner calculated to be understood by the average plan participant, because it contains unnecessary and confusing information; and (2) the notice did not provide the name and contact

information of the plan administrator. Defendant argues that Plaintiffs lack standing to pursue these claims.

Regarding the first claim, Plaintiffs allege that the warnings regarding fraudulent and incomplete applications confused and discouraged them "at least in part" from electing continued health coverage. Plaintiffs assert that they were without health care coverage for nine months and they incurred medical expenses as a result. Accepting Plaintiffs' allegations as true, they are adequate to demonstrate that Plaintiffs suffered an economic injury, which is an injury in fact.

Defendant does not contest this, but argues that Plaintiffs cannot meet the causation and redressability elements of standing. Defendant asserts that Plaintiffs "fail to identify a single non-conclusory allegation in their Amended Complaint that the inclusion of truthful statements in a COBRA election notice could not be 'understood by the average plan participant.'" ECF No. 13 at PageID 252. Defendant also argues that "the Greens still would not have enrolled in COBRA if the 'warnings' language they complain about had not been in the Notice, as it only played 'a part' in their decision." ECF No. 10 at PageID 169.

These arguments address the merits of Plaintiffs' claim, rather than standing. "[O]ne must not 'confus[e] weakness on the merits with absence

of Article III standing.'" *Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 576 U.S. 787, 800 (2015) (citation omitted). *See also Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal."). As the Sixth Circuit has emphasized, "[t]here is a difference between failing to establish the elements of a cause of action and failing to show an Article III injury. One is a failure of proof. The other is a failure of jurisdiction. Yes, there can be overlap between the two inquiries. But they are not one and the same." *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1117 (2020).

To demonstrate the causation element of standing, Plaintiffs must sufficiently allege that their injury is "fairly traceable" to the challenged action of Defendant. For standing purposes, Plaintiffs need not demonstrate proximate cause. "The standard for establishing traceability for standing purposes is *less demanding* than the standard for proving tort causation" and is "relatively modest." *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020) (citations omitted; emphasis in original). Here, Plaintiffs allege that as a result of the defective notice, at least in part, they did not elect COBRA coverage and incurred medical expenses. Plaintiffs' injury is thus "fairly traceable" to the alleged defective notice.

Plaintiffs' injury is also redressable, through equitable relief and an award of statutory damages. *See* 29 U.S.C. §§ 1132(a)(3), 1132(c)(1); *but see Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 106 (1998) (injury not redressable by damages when they are payable to U.S. Treasury rather than plaintiff). Plaintiff have properly alleged standing with respect to this claim.

Plaintiffs also allege that Defendant violated the notice requirements by failing to properly identify the plan administrator and provide contact information. With regard to this claim, Plaintiffs have failed to allege an injury in fact. Plaintiff have not alleged that they were harmed by this alleged misinformation.[3] For example, they have not alleged that they attempted to enroll or had questions and could not contact the administrator of the plan. Assuming that the notice did not correctly identify the plan administrator, and the statute was violated, Plaintiffs have not asserted that they suffered any adverse consequences as a result. "[A] bare procedural violation, divorced from any concrete harm" does not "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*,

---

[3] Defendant contends that the notice correctly identified the third-party administrator of the health plan, BenefitConnect, and that the statute was not violated. *See Carter v. Sw. Airlines Co.*, 2020 WL 7334504, at *6 (M.D. Fla. Dec. 14, 2020). For standing purposes, however, the court assumes that Plaintiff's claim is meritorious.

136 S. Ct. 1540, 1549 (2016). This is because "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Plaintiffs suggest that they suffered an "informational injury" as a result of the alleged failure to provide the correct information for the plan administrator. Even so, they must allege that actual consequences or a real risk of harm flows from the lack of information. *See Huff*, 923 F.3d at 465-66. Plaintiffs have failed to do so here.

In sum, although Plaintiffs have standing to pursue their notice claim based upon allegedly confusing statements that discouraged them from electing coverage, they do not have standing to challenge the allegedly incorrect identification of the administrator of the plan.

## II. Failure to State a Claim

Defendant also seeks dismissal pursuant to Rule 12(b)(6). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto*

*Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

Plaintiffs allege a violation of 29 C.F.R. § 2590.606-4(b)(4), which sets forth the general requirement that a COBRA notice "shall be written in a manner calculated to be understood by the average plan participant." Case law or other guidance interpreting this provision is scarce, although it appears to be "an objective standard rather than requiring an inquiry into the subjective perception of the individual participants." *Wilson v. Sw. Bell Tel. Co.*, 55 F.3d 399, 407 (8th Cir. 1995). In the context of another ERISA provision, this standard "will usually require the limitation or elimination of technical jargon and of long, complex sentences, the use of clarifying examples and illustrations, the use of clear cross references and a table of contents." 29 C.F.R. § 2520.102-2 (governing style and format of summary plan description). "The notice must be sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002). *See also Riddle v. PepsiCo, Inc.*, 440 F. Supp.3d 358, 363 (S.D.N.Y. 2020) (citing *Wilson* and *Scott*); *Bryant v. Wal-Mart Store, Inc.*, 2019 WL 3542827, at *6 n.9 (S.D. Fla. Apr. 18, 2019).

Plaintiffs allege that the COBRA notice was not written in a manner calculated to be understood by the average plan participant "because it contains false and misleading threats of possible criminal and civil penalties for submitting incomplete information." ECF No. 12 at PageID 224. Plaintiffs allege that the notice misstates the law, because incomplete information (rather than knowingly false information) should not subject an applicant to penalties. *See* 18 U.S.C. § 1027 (providing for fines and imprisonment for making knowingly false statements or knowingly failing to disclose information in a document required by ERISA); *United States v. Barkus*, 816 F.2d 255, 257 (6th Cir. 1987) (holding that § 1027 applies to fund participants).

Defendant argues that Plaintiffs cannot plausibly state a claim because the challenged language is neither confusing to the average plan participant nor legally incorrect. The notice states, however, that a participant could be subject to a penalty for providing incomplete information, which is not a strictly accurate statement of the law. Defendant's arguments address the merits of Plaintiffs' claim and are more properly explored on a motion for summary judgment. Although perhaps a close call, Plaintiffs have plausibly alleged that the COBRA notice is not written in a manner calculated to be understood by the average plan

participant because it contains a misstatement of law. It remains to be determined whether, under an objective standard, the notice is sufficient to allow the average plan participant to make an informed decision regarding whether to elect coverage. Accordingly, Defendant's motion is denied as to this claim.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's amended complaint (ECF No. 10) is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendant's motion to dismiss the original complaint (ECF No. 8) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the case caption shall be corrected to identify the Plaintiffs as Gabriel Green and Valerie Hall-Green.

Dated: May 4, 2021

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 4, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk